# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
William Bell

## DEFENDANTS
Dunwoody Village, Anne McNally, Natalie Alsis, Brian Worthington, Wes Kuehnle

**(b)** County of Residence of First Listed Plaintiff: **Delaware**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Delaware**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Office of Patrick Flanigan, Patrick Flanigan, P.O. Box 2, Swarthmore, PA 19081-0042 Tel: (484) 904-7795

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☒ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 USC 2601 et seq
Brief description of cause:
Interference and retaliation under FMLA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 150,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

NOV 24 2014

DATE: November 24, 2014
SIGNATURE OF ATTORNEY OF RECORD: /s/Patrick Flanigan

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 216 Tribet Place, Colwyn, PA 19023-3120

Address of Defendant: 3500 West Chester Pike, Newtown Square, PA 19073-4168

Place of Accident, Incident or Transaction: Address of Defendant
*(Use Reverse Side For Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

---

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☒ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FMLA 29 USC 2601 et seq.

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

---

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Patrick Flanigan, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 11/24/14   _Patrick Flanigan_   92794
                  Attorney-at-Law          Attorney I.D.#

NOV 24 2014

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/24/14   _Patrick Flanigan_   92794
                  Attorney-at-Law         Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

William Bell : CIVIL ACTION
v.
Dunwoody Village, et al. : NO. 14 6715

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

Nov. 24, 2014        Patrick Flanigan        William Bell
Date                 Attorney-at-law         Attorney for

(484) 904-7795       None                    Pat@lawofficepf.com
Telephone            FAX Number              E-Mail Address

(Civ. 660) 10/02

NOV 24 2014

Attorney for Plaintiff

Law Office of Patrick Flanigan
By: Patrick Flanigan
PA Attorney No.: 92794
P.O. Box 42, Swarthmore, PA 19081-0042
Tel: (484) 904-7795  Email: Pat@lawofficepf.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| WILLIAM BELL<br>216 Tribet Place<br>Colwyn, PA 19023-3120,<br>   Plaintiff, | § § § § § § | CIVIL ACTION |
| v. | § § § | NO.:_____ |
| DUNWOODY VILLAGE<br>3500 West Chester Pike<br>Newton Square, PA 19073-4168,<br>   and<br>ANNE McNALLY<br>c/o DUNWOODY VILLAGE,<br>   and<br>NATALIE ALSIS,<br>c/o DUNWOODY VILLAGE,<br>   and<br>BRIAN WORTHINGTON<br>   and<br>WES KUEHNLE,<br>c/o DUNWOODY VILLAGE,<br>   Defendants. | § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |

## COMPLAINT - CIVIL ACTION

### I.   INTRODUCTION

William Bell (Plaintiff), alleges violations of and seeks redress of all rights and privileges pursuant to the Family and Medical Leave Act, as amended 2008 (FMLA), 29 U.S.C. §§ 2601 *et seq*. The Plaintiff avers, through Patrick Flanigan, Esquire from the Law Office of Patrick Flanigan, as follows:

## II. PARTIES

1. William Bell (Plaintiff) is an adult individual who currently resides at 216 Tribet Place, Colwyn, PA 19023-3120. At all times material hereto, Plaintiff was a citizen of the United States, resided in the Commonwealth of Pennsylvania and an employee of Defendant Dunwoody Village.

2. Defendant Dunwoody Village (Defendant Dunwoody) is a name for an entity maintaining an office and conducting business at 3500 West Chester Pike, Newton Square, PA 19073-4168 and, at all times material hereto, also transacted business in Delaware County, Pennsylvania and employed Plaintiff.

3. Defendant Anne McNally (Defendant McNally) is an adult individual, who maintained an office and conducted business c/o Defendant Dunwoody and, at all times material hereto, transacted business in Delaware County, Pennsylvania and was in a <u>supervisory position</u> as the human resources director over the Plaintiff on behalf of Defendant Dunwoody. Plaintiff further believes that Defendant McNally is a citizen and domiciled in the Commonwealth of Pennsylvania.

4. Defendant Natalie Alsis (Defendant Alsis) is an adult individual, who maintained an office and conducted business c/o Defendant Dunwoody and, at all times material hereto, transacted business in Delaware County, Pennsylvania and was in a <u>supervisory position</u> in the human resources department over the Plaintiff on behalf of Defendant Dunwoody. Plaintiff further believes that Defendant Alsis is a citizen and domiciled in the Commonwealth of Pennsylvania.

5. Defendant Brian Worthington (Defendant Worthington) is an adult individual, who at all times material hereto was Plaintiff's direct supervisor and a servant, agent or employee

on behalf of Defendant Dunwoody. Plaintiff further believes that Defendant Worthington is a citizen and domiciled in the Commonwealth of Pennsylvania.

6. Defendant Wes Kuehnle (Defendant Kuehnle) is an adult individual; who at all times material hereto was head of maintenance department and a servant, agent or employee on behalf of Defendant Dunwoody. Plaintiff further believes that Defendant Kuehnle is a citizen and domiciled in the Commonwealth of Pennsylvania.

### III.  JURISDICTION AND VENUE

7. The above mentioned paragraphs are incorporated as if set forth more fully herein.

8. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1337 relating to "any civil action or proceeding arising out of any act of Congress regulating commerce," 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331. This action is authorized and instituted pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601 et seq.

9. Plaintiff obtains jurisdiction because the demand is in excess of One Hundred Fifty Thousand Dollars ($150,000.00) or as a federal question matter, or both.

10. Venue is appropriately laid in the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because all parties regularly conduct business within this district and the acts complained of by Plaintiff arose therein.

### IV.  BACKGROUND FACTS

11. On or about August 7, 2000, Plaintiff was hired by Defendants and, at all times material hereto, Plaintiff was employed as a plumber and was not a union member.

12. For approximately two (2) years from 2012 through 2014 (termination date) Plaintiff's work shift would start at 7:30am ending at 3:30pm, providing Plaintiff 30 minutes to get home and care for his mother, when the at-home care giver would depart for the day.

13. Suddenly and without notice during mid-January 2014, Defendant Kuehnle approached Plaintiff and unilaterally changed Plaintiff's work shift to start at 8:00am and to end at 4:00pm. Further, when Defendant Kuehnle was reminded (because he already knew for about two years) of the scheduling needed for the care Plaintiff's mother, Defendant Kuehnle responded that "Everybody has problems." Plaintiff's reply was that he would make an application under the FMLA.

14. On or about February 1, 2014, Plaintiff submitted an application for FMLA to Defendant McNally, who stated that the completed paperwork should be submitted to Defendant Alsis. Plaintiff complied as instructed and requested an intermittent leave of absence for the serious illness of a parent (Plaintiff's mother).

15. On or about March 13, 2014, the medical certification for the serious medical condition of the mother was submitted by the treating physician.

16. On Thursday, March 13, 2014, Plaintiff spoke with Defendant Alsis, who stated that everything was "OK" with the FMLA application and the 7:30am to 3:30pm schedule was approved. Further, Defendant Alsis stated that she spoke with Defendant Kuehnle, who was informed of the FMLA approval.

17. On Monday, March 17, 2014, Defendants started the FMLA scheduling benefit, which specifically was as it had been for the prior two (2) years as follows:

    a. Plaintiff's work shift would start at 7:30am through 3:30pm; and

    b. Plaintiff would be home by 4:00pm, when the in-home care giver for his mother would depart for the day.

18. From March 17 through March 26, 2014 (8 working days) the Defendants provided the FMLA benefit.

19. On March 27, 2014, Plaintiff arrived at work as scheduled at 7:30am, but at about 1:00pm Defendant Worthington told Plaintiff that the FMLA was terminated immediately and the work shift starts at 8:00am the next day.

20. At about 1:15pm on March 27, 2014, Plaintiff told Defendant McNally what was stated by Defendant Worthington. Defendant McNally stated that she did not make the decision to terminate the FMLA benefit.

V. **FMLA QUALIFICATIONS**

21. Pursuant to 29 U.S.C. § 2611(2)(A) and 29 U.S.C. § 2612(a)(1)(D), Plaintiff was eligible for Family and Medical Leave.

22. At all times material hereto, Plaintiff believes that Defendant Dunwoody had at least 50 employees including volunteers for 20 or more calendar work weeks during the pertinent year or the preceding year within 75 mile radius.

23. Plaintiff was employed for at least 12 months and worked at least 1,250 hours during the 12 months preceding the leave of absence, or Plaintiff was otherwise qualified under the employer's policies.

24. Plaintiff was eligible for FMLA and had been using FMLA in accordance with the work schedule accommodation.

**COUNT I**

**DISCRIMINATION IN VIOLATION OF
FAMILY AND MEDICAL LEAVE ACT, AS AMENDED 2008, 29 U.S.C. §§ 2601 et seq.**

Discrimination, 29 U.S.C. § 2615(a)(2)

<u>**PLAINTIFF V. ALL DEFENDANTS**</u>

25. The above-mentioned paragraphs are incorporated as if set forth more fully herein.

26. Plaintiff has statutory rights to be free from discrimination under 29 U.S.C.A. §

2615(a)(2).

27. Defendants' intentionally or as a mixed-motive violated the FMLA as follows:

    First:    Plaintiff's family member has a protected medical condition.

    Second:    This medical condition is a "serious health condition," defined in the statute.

    Third:    Plaintiff gave appropriate notice of the need for FMLA.

    Fourth:    Plaintiff was terminated.

    Fifth:    Plaintiff taking the FMLA was a pretext or a motivating factor in Defendants' decision to terminate the Plaintiff.

28. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause.

## COUNT II

## RETALIATION IN VIOLATION OF
## FAMILY AND MEDICAL LEAVE ACT, AS AMENDED 2008, 29 U.S.C. §§ 2601 et seq.

### Retaliation, 29 U.S.C. § 2615(b)

### PLAINTIFF V. ALL DEFENDANTS

29. The above-mentioned paragraphs are incorporated as if set forth more fully herein.

30. Plaintiff has statutory rights to be free from retaliation under 29 U.S.C.A. § 2615(b).

31. The Plaintiff claims that Defendants' retaliated against him because Plaintiff opposed a practice made unlawful by the Family and Medical Leave Act as follows:

    First:    Plaintiff filed a complaint with human resources asserting rights under the FMLA.

    Second:    Plaintiff was subjected to a materially adverse action after the protected conduct was requested and granted.

    Third:    There was a causal connection between the work scheduling

accommodation, the revocation of the scheduling accommodation, and the termination.

32. Plaintiff seeks the remedies set forth below in the **WHEREFORE** clause.

**VI.** **WHEREFORE**, Plaintiff demands judgment against all Defendants.

- Defendants' acts were willful, wanton, malicious, and oppressive and with reckless disregard for Plaintiff's federally protected rights; therefore, justifying the imposition of punitive damages.
- Plaintiff demands favorable judgment against Defendants for all equitable relief including, but not limited to: reinstatement to job position, full restoration of all leave and health benefits and any additional unpaid leave up to the maximum permitted by the FMLA including, but not limited to, doubling the damages proven inclusive of all wages, salary, employment benefits or other compensation denied or lost.
- Plaintiff further demands favorable judgment for all interest on the monetary benefits calculated at the prevailing rate, an additional amount equal to those sums, as liquated damages under 29 U.S.C.A. § 2617(a)(3), fees and costs including the allowance of reasonable attorney fees, expert witness fees and other costs of the action and such other orders and further relief as may be necessary and appropriate.
- Plaintiff seeks punitive damages plus counsel fees, costs and other relief as deemed appropriate by the Court.

Respectfully submitted,

Date: September _10_, 2014.          By: _William J. Bell_
                                           William Bell, Plaintiff

Date: September _10_, 2014.          By: /s/Patrick Flanigan
                                           Patrick Flanigan
                                           Federal Court - Eastern District of PA
                                           E-Signature Validation Code: PFF8163

$400

**MSG**

| Law Office of Patrick Flanigan | Attorney for Plaintiff |
|---|---|
| By: Patrick Flanigan | |
| PA Attorney No.: 92794 | |
| P.O. Box 42, Swarthmore, PA 19081-0042 | |
| Tel: (484) 904-7795  Email: Pat@lawofficepf.com | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| WILLIAM BELL | § | |
| 216 Tribet Place | § | |
| Colwyn, PA 19023-3120, | § | CIVIL ACTION |
| Plaintiff, | § | |
| | § | NO.: **14  6715** |
| v. | § | |
| | § | |
| DUNWOODY VILLAGE | § | |
| 3500 West Chester Pike | § | |
| Newton Square, PA 19073-4168, | § | |
| and | § | |
| ANNE McNALLY | § | JURY TRIAL DEMANDED |
| c/o DUNWOODY VILLAGE, | § | |
| and | § | |
| NATALIE ALSIS, | § | |
| c/o DUNWOODY VILLAGE, | § | |
| and | § | |
| BRIAN WORTHINGTON | § | |
| and | § | |
| WES KUEHNLE, | § | |
| c/o DUNWOODY VILLAGE, | § | |
| Defendants. | § | |

## NOTICE TO PLEAD

You have been sued in court. If you wish to defend against the claims set forth in the following pages. You must take **action within twenty (20) days** after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

PHILADELPHIA BAR ASSOCIATION
**LAWYER REFERRAL AND INFORMATION SERVICE**
ONE READING CENTER
PHILADELPHIA, PENNSYLVANIA, 19107
**TELEPHONE: (215) 238-1701**

If you are looking for an attorney in a county listed below, then contact that county bar association's lawyer referral service (LRS) directly.

- Allegheny County, Pittsburgh: (412) 261-5555
- Beaver County, Beaver: (724) 728-4888
- Berks County, Reading: (610) 375-4591
- Blair County, Hollidaysburg: (814) 693-3090
- Bucks County, Doylestown: (215) 348-9413, (800) 991-9922
- Chester County, West Chester: (610) 429-1500
- Cumberland County, Carlisle: (717) 249-3166
- Dauphin County, Harrisburg,: (717) 232-7536
- Delaware County, Media: (610) 566-6625
- Erie County, Erie: (814) 459-4411
- Lackawanna County, Scranton: (570) 969-9600
- Lancaster County, Lancaster: (717) 393-0737
- Lehigh County, Allentown: (610) 433-7094
- Luzerne County, Wilkes-Barre: (570) 822-6029
- Mercer County, Mercer: (724) 342-3111
- Monroe County, Stroudsburg: (570) 424-7288
- Montgomery County, Norristown: (610) 279-9660
- Northampton County, Easton: (610) 258-6333
- Philadelphia County, Philadelphia: (215) 238-1701
- Washington County, Washington: (724) 225-6710
- Westmoreland County, Greensburg: (724) 834-8490
- York County, York: (717) 854-8755

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| WILLIAM BELL <br> 216 Tribet Place <br> Colwyn, PA 19023-3120, <br>     Plaintiff, <br><br> v. <br><br> DUNWOODY VILLAGE <br> 3500 West Chester Pike <br> Newton Square, PA 19073-4168, <br>   and <br> ANNE McNALLY <br> c/o DUNWOODY VILLAGE, <br>   and <br> NATALIE ALSIS, <br> c/o DUNWOODY VILLAGE, <br>   and <br> BRIAN WORTHINGTON <br>   and <br> WES KUEHNLE, <br> c/o DUNWOODY VILLAGE, <br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION <br><br> NO.: <br> **14   6715** <br><br><br> JURY TRIAL DEMANDED |

## VERIFICATION

I, _William J. Bell_, am the Plaintiff in the above captioned matter and affirm that the information contained in the foregoing *Complaint* is true and correct to the best of my knowledge, information and belief after reasonable inquiry. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief after reasonable inquiry. The undersigned understands verifications herein are made subject to 28 U.S.C. § 1746.

Date:  September _10_, 2014.      By:  _William J. Bell_
                                                                            Mr. William J. Bell
                                                                            216 Tribet Place
                                                                            Colwyn, PA 19023-3120